IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MOURICE NEAL EL,**                      CASE NO. 3:22 CV 1183

    Plaintiff,                            JUDGE JAMES R. KNEPP II

    v.

**MATT PUGH, et al.,**

                                      MEMORANDUM OPINION AND
    Defendants.                         ORDER

## INTRODUCTION

*Pro se* Plaintiff Mourice Neal El filed this civil rights action under 42 U.S.C. § 1983 against Matt Pugh and the Ohio Department of Taxation. See Doc. 4. He alleges he was improperly cited for conducting retail sales and selling cigarettes without a vendor's license. *Id.* at 3. He claims the citations violated his Fifth Amendment rights under the United States Constitution and rights guaranteed by the Ohio Constitution. *Id.* He seeks a grant of sovereign citizenship, five trillion dollars, a place to reside on Detroit Bella Island, beer and liquor licenses, the right to run a lottery machine and exemption from all state and federal taxes. *Id.* at 4.

This Court previously dismissed the case pursuant to 28 U.S.C. § 1915(e). (Doc. 7). Plaintiff appealed (Doc. 9), and the Sixth Circuit vacated and remanded the case for further proceedings, *Neal-El v. Pugh*, No. 22-3871 (June 13, 2023).

Upon screening review, the Court finds Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).[1]

## BACKGROUND

Plaintiff contends that on March 31, 2022, he received two citations from Matt Pugh with the Ohio Department of Taxation. (Doc. 4, at 3). One citation –which Plaintiff attaches to his Complaint – asserts Plaintiff was selling items at retail at a fixed location without a vendor's license. *Id.* at 5. The other citation asserts Plaintiff was trafficking in cigarettes without a license. *Id.* The citations commanded him to appear in the Fremont Municipal Court on April 13, 2022, at 9:00 a.m. *Id.* Fremont Municipal Court dockets indicate that in both cases, Nos. CRB 2200249 and CRB 2200250, Plaintiff pled not guilty and was appointed counsel.[2] Both cases were set for jury trial on October 7, 2022. Prior to trial, on October 5, 2022, the court granted the state's Motions to Dismiss without prejudice.

Plaintiff alleges he informed Pugh his vendor's license was "filed and on the way". (Doc. 4, at 3). He further states he inquired of the Department of Taxation whether he required a license to sell cigarettes and he was told that if his store was in Sandusky County, he was not so required. *Id.* He contends Pugh held him to standards that were required in nearby Lucas County. *Id.* Plaintiff asserts these citations violated his Fifth Amendment rights and rights guaranteed under the Ohio Constitution. *Id.*

---

1. Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 1). The Court grants that Application.
2. "[A] court may take judicial notice of other court proceedings". *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). Fremont Municipal Court case dockets can be found online at: https:\\www.fremontmunicipalcourt.org.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Official Capacity Claims

The State of Ohio Department of Taxation and Matt Pugh sued in his official capacity are entitled to sovereign immunity, and Plaintiff's claims in this regard must be dismissed.³

"State sovereign immunity . . . refers to a state's right 'not to be amenable to the suit of an individual without its consent.'" *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021) (quoting The Federalist No. 81, at 486 (Alexander Hamilton) (Clinton Rossiter ed., 1961)) (emphasis omitted). A suit against a state official operates as an action against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). "Sovereign immunity bars official-capacity suits for damages[.]" *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023). The Sixth Circuit has held that a complaint is properly dismissed under 28 U.S.C. § 1915 if it brings claims barred by sovereign immunity. *Damstoft v. Ohio*, 24 F. App'x 299, 300 (6th Cir. 2001).

Three narrow exceptions to sovereign immunity exist. First, the state may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002); *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). Such

---

3. The Sixth Circuit recently explained that although "courts have often treated Eleventh Amendment immunity and sovereign immunity as interchangeable . . . as a matter of original meaning, the two are conceptually distinct." *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513 (6th Cir. 2021). It distinguished immunity under the Eleventh Amendment as sounding in subject-matter jurisdiction and containing a diversity requirement from sovereign immunity which "refers to a state's right 'not to be amenable to the suit of an individual without its consent'", sounds in personal jurisdiction, and does not require diversity. *Id.* at 514 (citing The Federalist No. 81, at 486 (Alexander Hamilton) (Clinton Rossiter ed., 1961) (emphasis omitted)). The court recognized, however, "that courts have departed somewhat from the Eleventh Amendment's original meaning and have largely forced sovereign immunity and the Eleventh Amendment into the same Procrustean bed." *Id.* at 514 n.4.
    Here, by all indications, Plaintiff is an Ohio citizen. *See* Doc. 4, at 1 (listing Plaintiff's address as Fremont, Ohio). Therefore "[b]ecause the parties are not diverse, sovereign immunity applies, and the Eleventh Amendment, by its plain terms, does not." *WCI, Inc.*, 18 F.4th at 514.

a waiver must be "unequivocally expressed" in the text of a relevant statute. *Sossamon v. Texas*, 563 U.S. 277, 284-85 (2011). A waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*; *Lane v. Peña*, 518 U.S. 187, 192 (1996). Ohio has not waived its immunity from suits under 42 U.S.C. § 1983 brought in federal court. *See Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998); *Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 726 (S.D. Ohio 2012). The waiver exception does not apply here.

Second, "Congress can abrogate a State's sovereign immunity to enforce the Fourteenth Amendment", but "it did not do so when it enacted § 1983." *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023) (citing *Quern v. Jordan*, 440 U.S. 332, 342-43 (1979)).

Third, *Ex parte Young*, 209 U.S. 123 (1908), creates a limited exception to sovereign immunity in which "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law[.]" *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). The *Ex Parte Young* exception is directed at officers of the state and "applies only to prospective relief." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). It "does not permit judgments against state officers declaring that they violated federal law in the past" and "has no application in suits against the States and their agencies." *Id.* (citations omitted). The Ohio Department of Taxation is a state agency and not a state officer. The third exception to sovereign immunity is inapplicable to the Ohio Department of Taxation. *Mikel*, 58 F.4th at 257 ("The Department is a state agency. Sovereign immunity thus protects it, full-stop.") (internal citation omitted). While Pugh is a state officer, Plaintiff does not appear to seek prospective relief from him. He seeks a grant of sovereign citizenship, five trillion dollars, a place to reside on Detroit Bella Island, beer and

5

liquor licenses, the right to run a lottery machine and exemption from all state and federal taxes. Even if these requests were plausible, and not clearly frivolous, they do not constitute prospective injunctive relief, and Pugh does not have the authority to provide Plaintiff with any of this relief. *See Does*, 69 F.4th at 306 (court must "look to whether the sovereign is the real party in interest," by determining "in the first instance whether the remedy sought is truly against the sovereign.") (quoting *Lewis v. Clarke*, 581 U.S. 155, 162-63 (2017)). The *Ex Parte Young* exception therefore does not apply, and Pugh is therefore entitled to sovereign immunity for the claims asserted against him in his official capacity.

In sum, because no exception applies, the Ohio Department of Taxation and Pugh sued in his official capacity are shielded from liability by sovereign immunity.

Individual Capacity Claims

To the extent Plaintiff brings these claims against Pugh in his individual capacity, he fails to state a claim upon which relief may be granted.

Plaintiff claims Pugh violated his Fifth Amendment right by ticketing him even after Plaintiff informed Pugh that he was not guilty of the minor misdemeanor offenses. As an initial matter, Plaintiff does not explain his Fifth Amendment claim. The Fifth Amendment contains several provisions, and as most of them are applicable in criminal cases, there are several claims that Plaintiff may be attempting to assert. It appears most likely that he asserts a claim for denial of due process. To the extent Plaintiff asserts a claim based on another provision of the Fifth Amendment, he fails to state a claim that meets basic pleading requirements.

To the extent Plaintiff attempts to assert a claim for denial of due process, he also fails to state a claim upon which relief may be granted. The Constitution does not guarantee that only the guilty will be arrested or ticketed. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979). If it did, a §

6

1983 claim would arise for every defendant who was arrested but ultimately was not charged, had charges dismissed prior to trial, or was not found guilty at trial. *Id*. Instead, procedural due process focuses on the procedures in place to ensure that the accused gets a fair trial. A procedural due process limitation does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349-53 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id*. In the context of criminal prosecutions, due process requires that the accused have notice of the factual basis leading to the deprivation or potential deprivation and a fair opportunity for rebuttal to be heard at a meaningful time and in a meaningful manner. *Wilkinson v. Austin*, 545 U.S. 209, 225-26 (2005); *California v. Trombetta*, 467 U.S. 479, 485 (1984).

In this case, Plaintiff provides very limited information regarding his criminal proceedings. The tickets issued by Pugh list the statutes Plaintiff was accused of violating and a brief description of the substance of the charges. The tickets also provided a date and time for a court appearance to defend the charges. None of the facts Plaintiff alleges in his Complaint suggest that Pugh denied him due process. As such, Plaintiff fails to state a claim against Pugh in his individual capacity upon which relief can be granted.

<u>State Law Claims</u>

The only other claims Plaintiff asserted in his Complaint arise under the Ohio Constitution, specifically Article I Section 1, which provides a right to enjoy and defend life, liberty and property, and Article XV, Section 7, which pertains to oaths of office. State

employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. However, the Ohio Court of Claims has the "exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86 . . . ." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Consequently, unless and until the Ohio Court of Claims decides that Pugh may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against him.

Moreover, supplemental jurisdiction exists only when the state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). In cases such as this, where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal claims, this Court declines jurisdiction over Plaintiff's state law claims.

## CONCLUSION

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 1) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff's "Motion to Object" (Doc. 16) be, and the same hereby is, DENIED AS MOOT; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

          s/ *James R. Knepp II*
          UNITED STATES DISTRICT JUDGE